IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF HIGMAN BARGE LINES, INC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY § § § § | CIVIL ACTION NO. _____ <br><br> RULE 9(h) ADMIRALTY <br> NON-JURY |

**VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

Higman Barge Lines, Inc. ("Petitioner"), as owner and operator of the towing vessel the M/V SABINE PASS and the tank barges HTCO 3110 and the HTCO 3102, files this, its Verified Complaint and Petition for Exoneration From and/or Limitation of Liability.  This Complaint is submitted pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.*  In support of this Complaint, Petitioner would show the Court as follows:

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper within the United States District Court for the Eastern District of Texas pursuant to Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure because the vessel is located in this district.

3. At all material times, Higman Barge Lines, Inc. was and is a Delaware corporation with its principal place of business in Texas

4. Higman Barge Lines, Inc. is and was, at all material times, the owner and operator of the M/V SABINE PASS and the tank barges HTCO 3110 and the HTCO 3102.

5. At all material times, the M/V SABINE PASS, bearing Official Number 1194886, was a towing vessel of the United States with a gross tonnage of 95 tons.  At all material

times, the M/V SABINE PASS was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

6. At all material times, the tank barge HTCO 3110, bearing Official Number 1248383, was a double-hulled tank barge without propulsive power with a gross tonnage of 1619 tons. At all material times, tank barge HTCO 3110 was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

7. At all material times, the tank barge HTCO 3102, bearing Official Number 1246726, was a double hulled tank barge without propulsive power with a gross tonnage of 1619 tons. At all material times, tank barge HTCO 3102 was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

8. On or about August 25, 2017, Hurricane Harvey made landfall near Corpus Christi, Texas, at approximately 2200 hours. At the time, the M/V SABINE PASS, the dominant vessel and her two unmanned tank barges (the HTCO 3110 and the HTCO 3102), were moored at the Lydia Ann Channel Fleet near Port Aransas, Texas, due to the lack of space in the Corpus Christi Harbor. The storm unexpectedly escalated in strength 24 hours before landfall and ultimately landed as a Category 4 hurricane with observed winds of 130 to 150 knots. The M/V SABINE PASS and the two unmanned barges identified above were stranded.

9. The aforementioned incident may result in claims against Petitioner and the M/V SABINE PASS.

10. All alleged resultant losses, injuries, and/or damages, if any, resulting from the incident that occurred on or about August 25, 2017, described above were not caused or contributed to by any fault, neglect, lack of due diligence, negligence or want of due care on the part of Petitioner or of any person for whose acts it is responsible, nor was the M/V SABINE PASS in any respect unseaworthy. To the contrary, the incident that occurred on or about August 25, 2017, as well as any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the marine catastrophe were due to and/or caused by force majeure/act of god, or the fault, neglect, lack of due diligence, negligence, want of due care, acts and/or omissions of others for whom Petitioner is not responsible.

11. Petitioner denies that it or the M/V SABINE PASS, or any person or property for whom or which it may be responsible are liable to any extent in the premises.

12. Petitioner claims exoneration from all liability for all losses, damages, injuries, and destruction incurred by reason of the matters aforesaid. In the alternative, and in the event Petitioner and/or the M/V SABINE PASS should be held responsible by reason of the marine catastrophe described above, Petitioner claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the aforesaid casualty occurred without the privity or knowledge of Petitioner.

13. At the termination of the voyage underway on or about August 25, 2017, the value of Petitioner's interest in the M/V SABINE PASS was $1,910,000. *See* Exhibit 1 (Affidavit of Norm Dufour). Pursuant to *Liverpool, Brazil & River Plate Steam*

*Navigation Co. v. Brookline E. Dist. Terminal*, 251 U.S. 48 (1919), only the value of the M/V SABINE PASS is tendered. As evidenced by the Affidavit of Freight Pending, the sum of the freight pending at the conclusion of the voyage was $25,500. *See* Exhibit 2 (Affidavit of Amy Kappes). Accordingly, the total amount of the limitation fund for the M/V SABINE PASS is $1,935,500.

14. Petitioner files contemporaneously herewith an Ad Interim Stipulation of Value and Security for the deposit into this Honorable Court of the aggregate amount of Petitioner's interest in the M/V SABINE PASS plus the freight pending at the termination of the aforesaid voyage, with interest at the rate of six percent (6%) per annum from the date of the deposit of the Security as may ascertained and determined to be necessary under any orders of this Honorable Court.

15. Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Petitioner is required to furnish security for costs. Accordingly, Petitioner files simultaneously herewith, a check in the amount of $500.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

16. Petitioner avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the aforementioned voyage, so far as is known to Petitioner.

17. Petitioner claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforementioned incident.

18. Petitioner further avers that it has valid defenses to the merits of any and all such claims. Petitioner specifically claims the benefits of the Limitation of Liability Act,

3197728.1/SPH/46655/0109/022318

as set forth in 46 U.S.C. § 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

19. Pursuant to 46 U.S.C. § 30501 *et seq.*, Petitioner is entitled to have all claims and issues concerning the incident in question consolidated in a single proceeding before the United States District Court for the Eastern District of Texas sitting in Admiralty.

WHEREFORE, Petitioner Higman Barge Lines, Inc. respectfully prays that:

1. That the Court enter an order approving the aforementioned Ad Interim Stipulation of Value deposited with the Court by Petitioner as security for the amount or value of Petitioner's interest in the M/V SABINE PASS.

2. That the Court issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Petitioner seeks exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of liability that claimant shall file and serve on the attorneys for Limitation Plaintiffs an Answer to the Complaint on or before the said date;

3. That the Court enjoin the prosecution of any and all actions, suits or proceedings which may be commenced, of any nature or description whatsoever in any jurisdiction against Petitioner or

        any other property of Petitioner or against Petitioner's employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property or other loss or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

4.     That the Court adjudge that Petitioner is not liable to any extent for the bodily injury, death, or property damage, loss of use or other loss, damages of any kind or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

5.     Alternatively, and only if Petitioner shall be adjudged liable, then it prays that such liability for any bodily injury, death, damage, loss of use to property or other loss or destruction and consequence of the said voyage or incident be limited to the amount or value of Petitioner's interest in the M/V SABINE PASS at the end of said voyage or incident, plus pending freight, and that Petitioner be discharged therefrom, upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Petitioner has prayed herein, saving to all parties any priorities

        to which they may be legally entitled and that decree be entered discharging Petitioner from all further liability; and

6.     That Petitioner has such other relief as it may be entitled at law, in equity, or in admiralty.

                S<small>TRASBURGER</small> & P<small>RICE</small>, L.L.P

                By:  /s/ Mark Freeman
                State Bar No. 07426600
                Email: mark.freeman@strasburger.com
                2615 Calder Avenue, Suite 240
                Beaumont, Texas 77702-1986
                T:  409.351.3800
                F:  409.351.3883

                **ATTORNEY-IN-CHARGE FOR HIGMAN BARGE LINES, INC.**

OF COUNSEL:
S<small>TRASBURGER</small> & P<small>RICE</small>, L.L.P.

David James
State Bar No. 4032467
Email:  david.james@strasburger.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702-1986
T:  409.351.3800
F:  409.351.3883

- 7 -

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § § § |
| COUNTY OF JEFFERSON | |

BEFORE ME, this undersigned authority, personally came and appeared Amy Kappes, Manager of Compliance and Vetting at Higman Marine Services, Inc., and declared under penalty of perjury that:

"The Petitioner's foregoing Complaint is true and correct to the best of my knowledge, information, and belief."

_____
Amy Kappes

SWORN TO AND SUBSCRIBED before me this 22nd day of February 2018.

_____
NOTARY PUBLIC, in and for the State of Texas

JENNIFER KAREN MCLARTY
Notary Public, State of Texas
Comm. Expires 01-29-2021
Notary ID 129285012